UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DARLENE W.,[1]<br><br>        *Plaintiff*,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,[2]<br>        *Defendant*. | CASE NO. 3:20-cv-61<br><br>MEMORANDUM OPINION & ORDER<br><br>JUDGE NORMAN K. MOON |

This matter comes before the Court on Plaintiff Darlene W.'s objections to Magistrate Judge Hoppe's Report & Recommendation (R&R) on Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434.

## STANDARD OF REVIEW

Objections to a magistrate judge's R&R under Federal Rule of Civil Procedure 72(b) "train[] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) (citing *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985)). The district court must determine *de novo* any portion of the magistrate judge's R&R to which a proper objection has been made. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C); *Farmer*, 177 F. App'x at 330–31.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts refer to claimants only by their first names and last initials.

[2] Acting Commissioner Kijakazi is hereby substituted as the named defendant in this action. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

In conducting this review, this Court must affirm the Administrative Law Judge's ("ALJ") factual findings if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019); *Bird v. Comm'r of Soc. Sec.*, 669 F.3d 337, 340 (4th Cir. 2012). Under this standard of review, the Court must "look[] to an existing administrative record and ask[] whether it contains 'sufficien[t] evidence' to support the [ALJ's] factual determinations." *Biestek*, 139 S. Ct. at 1154 (internal citations omitted). Substantial evidence requires more than a mere scintilla—but less than a preponderance—of evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Where "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the ALJ's decision. *Id*. A reviewing court may not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations omitted). "Ultimately, it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, even if the Court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971).

## FACTS AND PROCEDURAL HISTORY

Plaintiff applied for disability benefits (DIB) in December 2017. (Administrative Record (AR), Dkt. 11 at 209–10). She alleged that she was disabled beginning October 31, 2017, based

on these impairments: back problems, hand/wrist/arm problems, knee problems, high blood pressure, shoulder problems, insomnia, anxiety, depression, post-traumatic stress disorder (PTSD) and hypoglycemia. (*Id.* at 224). The state agency, Disability Determination Services (DDS), denied her claim in June 2018 (*Id.* at 90–105) and again after reconsideration in November 2018 (*Id.* at 106–124). Plaintiff appeared at an administrative hearing before ALJ H. Munday in September 2019, where the ALJ granted Plaintiff's request to amend her alleged disability date to January 25, 2019. (*Id.* at 47–65; 205). A vocational expert (VE) testified at the hearing. (*Id.* at 60–64).

The ALJ issued an unfavorable decision on October 9, 2019. (*Id.* at 19–36). The ALJ found that Plaintiff had not engaged in substantial gainful activity since January 25, 2019, and that she suffered from the "severe" impairments of obesity, sacroiliac joint disfunction, degenerative disc disease, depression, anxiety, and PTSD. (*Id.* at 22). None of Plaintiff's impairments met or medically equaled any of the impairments named in the Social Security Administrations' enumerated Listing of Impairments. (*Id.* at 22–27 (citing 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 1.02, 1.04, 12,04, 12.06, 12.15).

The ALJ then evaluated Plaintiff's residual functional capacity (RFC) and determined that she could perform a reduced range of light work. (*Id.* at 27 (listing activities Plaintiff could perform)). Based on the RFC finding and the testimony of the VE, the ALJ found that while Plaintiff was unable to perform her past relevant work, she could perform certain "light" unskilled jobs. (*Id.* at 33–35). Thus, the ALJ concluded that Plaintiff was "not disabled" from January 25, 2019, through the date of the decision. (*Id.* at 35). The Administration's Appeals Council declined to review the case, and this appeal followed. Plaintiff filed the present motion for summary judgment, Dkt. 18, and the Court referred the motion to Judge Hoppe for an R&R.

Judge Hoppe recommended that the Court grant the Commissioner's motion for summary judgment and affirm Commissioner's final decision. (Dkt. 20 at 21). Judge Hoppe addressed two issues that Plaintiff raised on appeal: that the ALJ's RFC assessment was not supported by substantial evidence because the ALJ did not fully credit the opinion of Plaintiff's treating physician, and because of the ALJ's finding that Plaintiff's cane was not "medically necessary." (*Id.*; *see also* Dkt. 16). With respect to the ALJ's RFC assessment, Judge Hoppe found that the ALJ properly applied the regulations guiding the ALJ on how to consider a claimant's offered medical opinions, and that the ALJ's finding that the treating physician's opinions were "generally unpersuasive" was based on a proper application of the facts of the case. (Dkt. 20 at 7–17). With respect to the ALJ's finding that Plaintiff's cane was not "medically necessary," Judge Hoppe found that the ALJ did properly consider Plaintiff's use of a cane during the RFC analysis, and that the ALJ's finding that the cane was not "medically necessary" was based on substantial evidence because the ALJ properly weighed the evidence in the record, especially the evidence that Plaintiff's use of the cane was relatively limited. (*Id.* at 18–21).

Plaintiff objects to the R&R on essentially the same two grounds that she first raised before Judge Hoppe. First, she objects to Judge Hoppe's finding that the ALJ's evaluation of the treating physician's opinion was supported by substantial evidence. (Dkt. 21 at 1–3). Second, she objects to Judge Hoppe's finding that the ALJ's decision that the cane was not "medically necessary" was based on substantial evidence. (*Id.* at 3–5). Thus, the Court will review those objections *de novo*.

## ANALYSIS

<u>The ALJ's Evaluation of the Treating Physician's Opinion Was Based on Substantial Evidence</u>

In her first objection, Plaintiff renews her argument that the ALJ's finding that the treating physician's opinion was "generally unpersuasive" was not based on substantial evidence. (Dkt. 21 at 1–3). She also argues that Judge Hoppe inappropriately performed a "de novo review of the administrative record" in citing to portions of the administrative record not clearly referenced by the ALJ. (*Id.*).

As an initial matter, Judge Hoppe was not limited to considering only the four corners of the ALJ's decision, but was permitted to look to the administrative record as a whole. 42 U.S.C. § 405(g) directs the district court to consider both the ALJ's decision and the "transcript of record." In addition, the Supreme Court has noted that "[u]nder the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019); *see also Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020) (on the same issue). Therefore, it was perfectly appropriate for Judge Hoppe—and is appropriate for the district court at this stage—to consider portions of the administrative record other than just the ALJ's decision in considering whether the ALJ's decision was based on substantial evidence. And regardless, the evidence discussed by Judge Hoppe was mostly the same evidence referenced by the ALJ. (*compare* Dkt. 20 at 7–17 *with* Dkt. 11-1 at 27–34).

Plaintiff claims that the ALJ erroneously dismissed the opinion of Plaintiff's treating physician "based on non-examining physician opinions." (Dkt. 21 at 3). The ALJ determined that state agency findings were "supported by the objective evidence of record under review" while the treating physician's were not. (Dkt. 11-1 at 32–33). Indeed, the opinions of the state agency

5

physicians and psychologists differed from that of the treating physician because the state providers' opinions included a section called "Additional Explanation," which listed plaintiff's diagnoses, documented her treatment, considered her activities, and discussed the examination findings. (*Id.* at 98–100, 117, 120). And, as the ALJ carefully noted, the treating physician's notes were not so well-developed with respect to the opinions they supported. (*See id.* at 447, 451–52, 455, 458, 462–63, 466–67, 470–71, 474–75, 478–79, 483, 486–87, 490–91, 494–95, 499, 503, 507–08, 512, 668, 672, 873, 876–77). In short, the ALJ made a credibility determination that the state agency's providers provided better-supported opinions than the treating physician—a credibility determination made with substantial reference to the evidence in the record.

Plaintiff also claims that the ALJ erroneously dismissed the opinion of the treating physician "based on the checkmark nature of the opinion." (Dkt. 21 at 3). The ALJ noted that the treating physician's opinion "consisted of a series of checked boxes on a form." (Dkt. 11-1 at 32). The ALJ noted that these checked boxes were either blank or unsupported. (*Id.*). Thus, the ALJ concluded that the treating physician did "not explain his medical opinion." (*Id.*).

The relevant regulations note that "[t]he more . . . supported explanations presented by a medical source [] to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520(c)(1). The regulations clearly authorize the ALJ to weigh the credibility of the medical opinions based on the extent to which they are supported by evidence, and the ALJ here gave little weight to the opinions of the treating physician because the opinion was in the form of an unsupported check-based form. Thus, the ALJ properly determined that the treating physician's opinion lacked support based on the form of the opinion.

In sum, the ALJ thoroughly explained her reasons for crediting the opinions of the state agency providers over the opinion of the treating physician. Those reasons were based on substantial references to the evidence in the record. Making such credibility determinations based on the evidence in the record is precisely the task with which the ALJ was tasked. *Hays*, 907 F.2d at 1456. Thus, the ALJ's determination that the treating physician's opinion was "generally unpersuasive" was based on substantial evidence.

### The ALJ's Determination That Plaintiff's Cane Was Not "Medically Necessary" Was Based on Substantial Evidence

Plaintiff objects to the R&R's finding that substantial evidence supported the ALJ's finding that a cane was not medically required. (Dkt. 21 at 3–5). The ALJ noted that there was mixed evidence on the necessity of a cane, and determined that a cane was not necessary. (Dkt. 11-1 at 28–29). On one hand, the ALJ weighed the evidence in favor of determining that a cane was medically necessary, including the opinion of one of Plaintiff's treating physicians. (*Id.*). But, on the other hand, the ALJ weighed the evidence that a cane was *not* necessary, including, *inter alia*, there were few instances of the Plaintiff using a cane during physical examinations, and that a physical therapist observed Plaintiff walking without a cane and without a limp after the date that she was first prescribed one. (*Id.*). The ALJ, then, weighed the evidence for and against finding a cane medically necessary and explained why, with specific references to the evidence in the record, she found that cane was not medically necessary.

This is not a case where the ALJ simply failed to consider the Plaintiff's offered evidence. *See Angle v. Barnhart*, 2006 WL 2471545 (W.D. Va. 2006). Rather, it is one where the ALJ simply discredited the Plaintiff's evidence after carefully considering it in light of contradictory evidence in the administrative record. That was well within the ALJ's power to do. *See, e.g., Hughes v. Berryhill,* 2017 WL 4854112, at *14 (S.D.W. Va. 2017), *adopted*

*sub nom. Thompson v. Berryhill*, 2017 WL 4849116 (S.D.W. Va. 2017) (finding a cane not medically necessary where other than prescriptions, the record contained no "medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)."); *Morgan v. Comm'r, Soc. Sec.*, 2014 WL 1764922, at *1 (D. Md. 2014) (a notation that an individual "needs cane to stand" without elaboration was insufficient to establish medical necessity with respect to the "circumstances for which it is needed.").

In short, the ALJ's determination that a cane was not medically necessary was based on substantial evidence

## CONCLUSION

For the reasons stated, the Court

- ADOPTS the R&R, Dkt. 20
- OVERRULES Plaintiff's objections to the R&R, Dkt. 21;
- and GRANTS the Commissioner's motion for summary judgment, Dkt. 18.

The Court further DIRECTS the Clerk of the Court to DISMISS this case from the Court's active docket and to send a copy of this order to all counsel of record.

It is so ORDERED.

Entered this   29th   day of March 2022.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE